UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:15-CR-00211-RBJ-9

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAUL ESTRADA-CASTILLO

    Defendant.

---

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

---

    Mr. Estrada-Castillo, pro se, moves for reduction of his sentence (or transfer to home confinement) pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 572.  The government opposes the motion.  ECF No. 575.  Mr. Estrada-Castillo has replied.  ECF No. 576.  After considering the motion, response and reply, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now denies the motion for the following reasons:

    1.    Mr. Estrada-Castillo is a 31-year old gentlemen currently housed at the Sheridan Federal Correctional Institution in Sheridan, Oregon.  On February 22, 2017, Mr. Estrada-Castillo, one of 17 defendants named in this case, pled guilty to Conspiracy to Distribute Heroin and Money Laundering.  ECF Nos. 503 and 504.  On September 1, 2017 he was sentenced to a term of imprisonment of 180 months concurrent on each count plus five years' supervised release.  ECF No. 541.  His Guideline range was 188-235 months on an Offense Level 34 and

Criminal History Category III.  The Court accepted the parties' recommendation for a variant sentence.

2. By the Court's count, he has served approximately 78.6 months (2357 days), including presentence confinement, or approximately 44% of the total sentence.  He reports that his scheduled release date is June 30, 2028.  Using that date, he has served approximately 53% of his sentence (2357 days served of 4427 total days from May 14, 2015 to the anticipated release date of June 30, 2028).

3. In support of his motion, Mr. Estrada-Castillo states that his wife had a kidney transplant in Mexico in 2008 and needs another transplant, and that he is a match for her.  He has not provided medical records concerning her condition, although he did provide a faint copy of a blank HIPPA form, not signed by his wife, but with her name printed by Mr. Estrada-Castillo, with which he believes the Court can obtain his wife's medical records.  *Id.* at 16-17.  He does not indicate whether he would be a kidney donor for a transplant.  He does not indicate whether she is receiving, or will be receiving, assistance from others.  Mr. Estrada-Castillo reported to the probation officer during his presentence interview that he was married to Karla Viridiana Pacheco who lived in Tepic, Mexico, and that he was unsure whether the relationship would survive his prison sentence.  ECF No. 535 at 16.  There was nothing about her medical condition in the report.  Apparently she now lives in Oregon.

4. Mr. Estrada-Castillo also states that he has been diagnosed with migraines, swollen feet, high blood pressure, and asthma.  He does not submit medical evidence of these conditions, but he suggests that the Court can obtain his medical records from the BOP or the Warden.  I note that the Individualized Reentry Plan attached as Exhibit 1 to his motion appears to indicate that, as of July 17, 2019, his medical status was "healthy or simple chronic care."

ECF No. 572 at 14.  Mr. Estrada-Castillo reported at the time of his presentence interview that he was healthy but needed an eye exam because he might need glasses.  ECF No. 535 at 16.  This is not to say that his statements about his own current medical situation are not true.  However, the Court is not in a position to try to find and obtain medical records for him or for his wife.

5. Mr. Estrada-Castillo adds that the conditions at FCI Sheridan are crowded and unsanitary, and that there have been spikes of Covid-19 cases there.  He does not discuss the measures that have been taken at that institution to protect inmates from the virus, or whether he has become infected, or whether he has been tested or vaccinated.

6. Mr. Estrada-Castillo reports that he has an employment opportunity waiting for him at Jafco Concrete in Portland, Oregon, which apparently is near where his wife now resides.  He provides a telephone number for a Trinidad Aguirre Ruiz whom he believes would supervise his work there.

7. Finally, Mr. Estrada-Castillo reports that he has twice requested that the Warden grant a compassionate release.  The first request was denied, and there had been no response to his second request at the date of his motion.

8. The government's opposition begins with a reminder that Mr. Estrada-Castillo was a high-level heroin dealer.  ECF No. 575 at 2.  It continues that, as of March 21, 2021, seven inmates and one staff member at FCI Sheridan tested positive for COVID-19, and that more than 50% of the inmates at the facility been fully vaccinated; that strict protocols are in place; and that inmates are masked at all times.  *Id.* at 2-3.  The government acknowledges that Mr. Estrada-Castillo has exhausted his administrative remedies but notes that neither his age, nor the percentage of his sentenced completed, nor his medical conditions (which are not documented) add up to an extraordinary and compelling reason to be released.  *See id.* at 5.  The government

notes that the BOP, not the Court, would order home confinement (although the Court theoretically could discharge the remainder of the imprisonment portion of his sentence and make home confinement a condition of supervised release).  Regarding his wife's condition, the government notes the absence of medical proof of her condition, and that Mr. Estrada-Castillo did not indicate whether the surgery would leave her incapacitated; if so, for how long; and whether he is the only available caregiver for her.  *Id.* at 9-10.

9. The Court finds that, with the possible exception of his wife's condition, he has not provided any extraordinary or compelling reason for a compassionate release.  He has served just over half of his sentence, which was well deserved and was itself a variant sentence.  He is a young man who is, so far as the records show, healthy.  As for his wife, he has provided no medical evidence of her condition; her need for a transplant; if so, how soon; whether he has been approved by health care professionals as a donor for her; whether he could be a donor without being released; who is taking care of her now; and who might be available as a caregiver in the future.

## ORDER

For the reasons discussed in this order, defendant's motion for a compassionate release, ECF No. 572, is DENIED.

Dated: October 27, 2021

By the Court

*[signature: Brooke Jackson]*

R. Brooke Jackson
U.S. District Court Judge

4